**UNITED STATES ex rel. DI DENTE v. AULT.**

Civ. A. No. 28635.

United States District Court,
N. D. Ohio, E. D.
Nov. 20, 1951.

Ann Fagan Ginger, Jerome Land, Cleveland, Ohio, for the relator.

John Kulka, Asst. U. S. Atty., Cleveland, Ohio, Herman Branse, Legal Adviser, Immigration and Naturalization Service, Buffalo, N. Y., for the respondent.

McNAMEE, District Judge.

Relator is in custody pursuant to an order of deportation and seeks his release and a new deportation hearing on two grounds:

1. That the order of deportation is void as being based upon the hearing of September 14, 1949, held subsequent to the effective date of the Administrative Procedure Act, 5 U.S.C.A. § 1001 et seq., and not in compliance with its mandatory requirements.

2. That without regard to the applicability of the Administrative Procedure Act, the hearing of September 14, 1949 as conducted was violative of the constitutional requirements of due process.

Petitioner is an alien, a citizen of Italy. He last entered the United States on April 15, 1939. Within five years thereafter, in the United States District Court for the Eastern Division of the Northern District of Ohio, he pleaded guilty to a violation of Section 36(c) of the Alien Registration Act of 1940, Title 8 U.S.C.A. § 457, in knowingly and wilfully making false statements in his application.

A warrant of arrest in deportation proceedings based upon the above conviction was issued on July 17, 1944 and served upon the relator on August 4, 1944. He was released on bond on the same day. A hearing upon the charges in the warrant was held on October 12, 1944. On November 2, 1944 the presiding inspector at the hearing recommended petitioner's deportation to Italy. On November 30, 1945 the Commissioner of Immigration and Naturalization approved the findings of fact and conclusions of law of the presiding inspector with amendments, but ordered the hearing reopened to afford petitioner an opportunity to apply for discretionary relief. Relator applied for a suspension of deportation and a reopened hearing was held on September 14, 1949. On November 9, 1949 the presiding inspector of the reopened hearing recommended that petitioner's application for relief from deportation be denied and that he be deported to Italy on the charges contained in the warrant of arrest. By order dated January 25, 1950 the Assistant Commissioner of Immigration and Naturalization Service denied the application of relator for relief and ordered his deportation. An appeal was taken to the Board of Immigration Appeals and dismissed by the Board on June 15, 1951. The consent of the Government of Italy to the return of the relator to that country has been secured and arrangements for his transportation have been completed.

The Administrative Procedure Act was approved on June 11, 1946 and Section 12 thereof provides, in part: "This Act shall take effect three months after its approval except that sections 7 and 8 shall take effect six months after such approval, the requirement of the selection of examiners pursuant to section 11 shall not become effective until one year after such approval, *and no procedural requirement shall be mandatory as to any agency proceeding initiated prior to the effective date of such requirement.*" (Emphasis supplied.)

■ The basic purpose of the Administrative Procedure Act is to restrict and eliminate the practice of combining in one person or agency the duties of prosecuting and deciding cases. In Wong Yang Sung v. McGrath, 339 U.S. 33, 70 S.Ct. 445, 94 L.Ed. 616, the Supreme Court held that administrative hearings in deportation cases must conform to the requirements of the Administrative Procedure Act. The Wong case involved a deportation proceeding commenced after the effective date of the pertinent procedural requirements of the

498

Act. The issue whether a deportation hearing held after the effective date of the procedural requirements of the Administrative Procedure Act in a proceeding instituted prior thereto is governed by the requirements of the Administrative Procedure Act, was not raised or decided in the Wong case.

However, this issue was squarely raised and decided in United States ex rel. Harisiades v. Shaughnessy, 1951, 187 F.2d 137, by the United States Court of Appeals for the Second Circuit, which held that a deportation hearing held subsequent to the effective date of the Administrative Procedure Act in a proceeding initiated prior thereto was proper though not in compliance with the procedural requirements of the Act.

In the instant case the deportation proceeding was initiated in 1944. Whether the proceeding was commenced when the warrant was issued on July 17, 1944 or at the time of its service on August 4, 1944, or at the time of the original hearing in October of that year, it is not necessary to decide. It is beyond dispute that this proceeding was initiated before the adoption of the Administrative Procedure Act or the effective date of the procedural requirements. The express terms of Section 12 of the Administrative Procedure Act as construed in the Harisiades case, supra, are decisive against relator's claim. However, relator claims that under the regulations adopted by the Immigration and Naturalization Service in 1950, as construed in Yanish v. Barber, 9 Cir., 1950, 181 F.2d 492, he is entitled to a hearing held in conformity to the requirements of the Administrative Procedure Act. This claim also must be rejected.

Following the decision in Wong Yang Sung v. McGrath, supra, regulations of the Immigration and Naturalization Service applicable to deportation hearings were promulgated to conform such hearings to the requirements of the Administrative Procedure Act.

In Yanish v. Barber, supra, the Ninth Circuit Court of Appeals held: "These regulations, as we understand them, are applicable to proceedings inaugurated prior as well as subsequent to the effective date of the Administrative Procedure Act, no exceptions appearing therein." But in the later case of Anderson v. Boyd, 1951, 188 F.2d 530, the Ninth Circuit Court of Appeals held: "Where deportation proceeding was initiated prior to effective date of the Administrative Procedure Act, alien had no grounds of complaint that the provisions of the Administrative Procedure Act were not followed in proceeding." In the last cited case the court made no reference to its previous decision in the Yanish case, except to note that the final administrative order on review in the Anderson case, supra, was made prior to the adoption of the administrative regulations of the Immigration and Naturalization Service. The Yanish case is of no aid to relator.

■ If it be assumed that the Yanish case is correct in holding that regulations of the Immigration and Naturalization Service adopted after the decision in Wong Yang Sung v. McGrath, supra, are applicable to proceedings instituted before the effective date of the Administrative Procedure Act, it must be recognized that such departmental regulations cannot override the express terms of Section 12 of the Administrative Procedure Act, which exempts such previously initiated proceedings from compliance with the mandatory requirements of the Act.

By recent action of Congress, hearings in deportation proceedings are no longer required to be held in accordance with the procedural requirements of the Administrative Procedure Act. On September 27, 1950 Congress enacted as a rider to the general appropriation act, P.L. 843, 81 Cong.2d Session, 64 Stat. 1048, the following: "Proceedings under law relating to the exclusion or expulsion of aliens shall hereafter be without regard to the provisions of sections 5, 7, and 8 of the Administrative Procedure Act (5 U.S.C. 1004, 1006, 1007)." By virtue of this enactment deportation proceedings are withdrawn from the operation of the enumerated sections of the Administrative Procedure Act, and the departmental regulations promulgated in respect thereto are now without meaning and effect.

 Relator's contention in the alternative,—that without regard to the Administrative Procedure Act the requirements of due process were violated in the hearing of September 14, 1949, is without merit. Implicit in the argument in support of this claim is the assumption that the "constitutional standards of impartiality" as embodied in the Administrative Procedure Act are applicable to proceedings of administrative agencies exempt from the operation of the Act as well as to those administrative agencies within its terms. This assumption is erroneous. It is true that the court in the Wong case [339 U.S. 33, 70 S.Ct. 454,] expressed the view that "It might be difficult to justify as measuring up to constitutional standards of impartiality a hearing tribunal for deportation proceedings the like of which has been condemned by Congress as unfair even where less vital matters of property rights are at stake." But in its opinion in the Wong case the court also recognized the power of Congress to exempt hearings of the Immigration and Naturalization Service from the provisions of the Administrative Procedure Act. In this connection the court said: "Nor can we accord any weight to the argument that to apply the Act to such hearings will cause inconvenience and added expense to the Immigration Service. Of course it will, as it will to nearly every agency to which it is applied. But the power of the purse belongs to Congress, and Congress has determined that the price for greater fairness is not too high. The agencies, unlike the aliens, have ready and persuasive access to the legislative ear and if error is made by including them, relief from Congress is a simple matter."

As hereinabove noted, Congress has now taken the action the Supreme Court suggested might be taken to exempt agencies of the Immigration and Naturalization Service from the operation of the Administrative Procedure Act. It would be an impertinence to suppose that this suggestion of the Supreme Court was made without regard to the effect of such Congressional action upon the constitutional requirements of due process.

The case of United States ex rel. Castro-Louzan v. Zimmerman, D.C., 94 F.Supp. 22, 26, upon which relator relies, is distinguishable upon its facts. There the relator was held to have been denied due process of law because "important facts having a very distinct bearing on the ultimate outcome * * * were not presented." No such claim is made in the instant case.

Accordingly it is held that proceedings to deport relator were initiated before the effective date of the Administrative Procedure Act and that relator was not entitled to a hearing conducted in accordance with the procedural requirements of that Act.

It is held, further, that the hearing of September 14, 1949 did not contravene the requirements of due process of law. There is great persuasive force to the government's contention that the order of deportation was based upon the findings made from evidence adduced at the original hearing of October 12, 1944 rather than as a result of the reopened hearing of September 14, 1949. However, in view of the specific findings herein made, a determination of that question is unnecessary.

Writ denied.