## UNITED STATES ex rel. LOMBARDO v. BRAMBLETT.

Civ. No. 30201.

United States District Court
N. D. Ohio, E. D.

June 5, 1953.

Henry C. Levine and Anthony R. Fiorette, Cleveland, Ohio, for relator, Louis Lombardo.

Robert C. Grisanti, Asst. U. S. Atty., Cleveland, Ohio, and Herman Branse, Atty., Immigration and Naturalization Service, Buffalo, N. Y., for respondent, J. Russell Bramblett.

McNAMEE, District Judge.

The relator, who is about forty years of age, is a native and citizen of Italy. He entered the United States as a child of four years on June 18, 1916. In 1933 he was convicted and sentenced to imprisonment for the crime of passing counterfeit bills. After his release from prison on this charge he was convicted and served time for the crimes of interstate theft and burglary.

Deportation proceedings were commenced in 1947. Hearing was held on September 9 of that year, and a warrant of deportation issued May 12, 1948.

By reason of the decision of the Supreme Court in Wong Yang Sung v. McGrath, 339 U.S. 33, 70 S.Ct. 445, 455, 94 L.Ed. 616, a *de novo* hearing was ordered. The new hearing was held on January 18, 1951. A hearing officer presided and an examining officer presented the evidence on behalf of the agency. Both officers were agents of the Bureau of Immigration and Naturalization. The relator was ordered deported on the ground that after May 1, 1917 he had been sentenced more than once to terms of one year or more on convictions of crimes involving moral turpitude. The Assistant Commissioner of Immigration adopted the recommendation of the hearing officer and the Board of Immigration Appeals dismissed the relator's appeal. The relator was represented at all times throughout these proceedings by competent counsel and he made no objection to the manner in which the proceedings were conducted.

The relator seeks relief upon the sole ground that the hearing on the deportation charges was not conducted pursuant to the provisions of the Administrative Procedure Act and is for that reason invalid.

Subsequent to the decision of the Supreme Court in the Wong case Congress on September 27, 1950 removed "proceedings under law relating to the exclusion or expulsion of aliens" from the operation of Sections 5, 7 and 8 of the Administrative Procedure Act, 5 U.S.C.A. §§ 1004, 1006 and 1007.

However, relator contends that this legislation is discriminatory and constitutes a denial of the equal protection of the laws.

The relator's argument is indeed a novel one. Section 7(a) of the Administrative Procedure Act provides that there shall preside at the taking of evidence an agency, an agency member, or an examiner appointed under that Act. Then follows an exception which reads:

"But nothing in this Act shall be deemed to supersede the conduct of specified classes of proceedings in whole or part by or before boards or other officers specially provided for by or designated pursuant to statute."

Provision is therefore made in the Administrative Procedure Act itself for the exemption from the procedural requirements of that Act of certain "specified classes of proceedings".

While it is true that in the Wong case the Supreme Court refused to accept the Attorney General's argument that the exception in Section 7(a) of the Administrative Procedure Act was efficacious to exempt deportation hearings, its decision was based upon conclusions drawn from an examination of the "purposes, history or text of this Act." The court made no suggestion that Congress was disabled constitutionally from providing such exemption. Mr. Justice Reed, who dissented in the Wong case on the ground that Section 7(a) of the Administrative Procedure Act did exempt deportation hearings, was also untroubled by doubts as to the constitutionality of legislation having this effect. The Supreme Court held in the Wong case that by the enactment of the Administrative Procedure Act Congress had enlarged the procedural rights of aliens in deportation hearings. But the court also noted that Congress possessed the requisite power to restore the *status quo*. In this connection the court said:

"Nor can we accord any weight to the argument that to apply the Act to such hearings will cause inconvenience and added expense to the Immigration Service. Of course it will, as it will to nearly every agency to which it is applied. But the power of the purse belongs to Congress, and Congress has determined that the price for greater fairness is not too high. The agencies, unlike the aliens, have ready and persuasive access to the legislative ear and if error is made by including them, relief from Congress is a simple matter."

As was said by this court in U. S. ex rel. Di Dente v. Ault, D.C., 101 F.Supp. 496, 499:

"It would be an impertinence to suppose that this suggestion of the Supreme Court was made without regard to the effect of such Congressional action upon the constitutional requirements of due process."

██ Section 2 of the Administrative Procedure Act also excludes from its operation proceedings of the agencies enumerated therein. If by the terms of the Administrative Procedure Act Congress may exempt proceedings of certain agencies, it may also exempt proceedings of other agencies by separate legislation. Certainly the reasons that justify the exemption of the agencies mentioned in Section 2 of the Administrative Procedure Act are of no greater validity than those which support the exemption of deportation hearings. Aliens enjoy the ambiguous status of foreign citizens who are residents of this country. They are here as a matter of grace and not of right. The government's power to terminate its hospitality in accordance with the requirements of due process is unquestioned. See Harisiades v. Shaughnessy, 342 U.S. 580, 72 S.Ct. 512, 516, 96 L.Ed. 586. No claim is made here that the requirements of due process have not been met in the hearing granted relator. I find no merit in relator's claim that the Act of September 17, 1950 exempting deportation hearings from the operation of the procedural requirements of the Administrative Procedure Act is unconstitutional.

██ Relief must be denied the relator for the further reason that although represented by counsel he made no objection to the manner in which the deportation hearings were conducted. In a somewhat similar situation in the Harisiades case the Supreme Court said, "He, therefore, has no standing to raise the objection now."

Writ denied.